FRIEDMAN, Circuit Judge,
dissenting.
I would affirm the judgment of the Claims Court.
The issue before this court is a narrow one: whether the Commissioner properly imposed the excise tax on firearms on the additional value of the adjustable rear sight (rear sight) and the front sight and compensator that were part of the appellant’s Deluxe Model carbine. The stipulated facts are that the appellant “advertised the Deluxe Model and the Standard Model as separate models” of the carbine; that its price list showed separate prices for each of those models; and that in the Deluxe Model the rear sight was “pop riveted” to the carbine at the factory, and the front sight and compensator were installed at the factory. The stipulated facts also are that the Deluxe Model has three additional features not present in the Standard Model.
In other words, the Deluxe Model was sold as a single unit that included as two of its features the rear sight and the front sight and compensator that the Standard Model did not have. This is not a case where the product is sold in a stripped-down standard version to which the purchaser could add various refinements. The two elements in dispute here were integral parts of the complete weapon sold as the Deluxe Model.
Neither the statute nor the regulations define the term “accessories,” which are excluded from the excise tax on firearms. Section 48.4181-l(a)(2) of the regulations, however, states that no tax is imposed on the sale of “parts or accessories ... when sold separately or when sold with a complete firearm.” It then explains that no tax attaches to “various parts,” which it lists, “when sold separately, or when sold with complete firearms for use as spare parts or accessories.”
Although the rear sight and the front sight and compensator of the Deluxe Model may be viewed as having been “sold with complete firearms,” they were not sold “for use as spare parts or accessories.” They were integral elements of the Deluxe Model, which was sold as a single unit.
The fact that the carbine could be fired without either the rear sight or the front sight and compensator on it, or that it could be fired from the hip without sighting, does not support the conclusion that those two elements were accessories. There is no reason to believe that the Deluxe Model is not designed and intended to be fired in the usual manner, namely, by aiming at the target through the sights. One of the stipulated facts is that “[t]he combination of the front sight and the rear sight of the Deluxe Model enabled an average marksman to aim the Deluxe Model more accurately than he could with no sight or just one sight.”
The rear sight and front sight and compensator of the Deluxe Model are not merely accessories, the use of which facilitates, improves, or alters the performance of the carbine. They are integral parts of the weapon that have a significant role in its performance and that presumably influence people to select that model rather than the *1573 Standard Model that does not have those features.